UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00204-MEMF-DFM                          Date: April 23, 2026

Title    *Alan Michael Sosa Alarcon v. Mark Bowen et al*

Present:  The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) Order GRANTING Application for a Preliminary Injunction [Dkt. No. 38]**

This Court has granted Petitioner a temporary restraining order. Dkt. No. 38. In doing so, it ordered the parties to show cause as to why a preliminary injunction should not issue. *Id.* at 8–9. Before this Court are the parties' responses. Dkt. No. 40 ("Resp. Brief"); Dkt. No. 41 ("Pet. Brief").

For the reasons below, the preliminary injunction is GRANTED.

**Factual and Procedural Background**

The factual and procedural history of this case is detailed in this Court's Order Granting in Part Petitioner's Application for a Preliminary Injunction and a Temporary Restraining Order. Dkt. No. 38 ("TRO").

On March 31, 2026, the Court issued the TRO, which ordered Respondents to release Petitioner from custody and to refrain from retaining him without compliance with applicable law. *Id.* The Court issued an Order to Show Cause as to why a preliminary injunction should not be issued. *Id.* at 8. This Court also instructed the parties to file a joint status report regarding Respondents' compliance with the order. *Id.* at 9.

---

CV-90 (03/15)                          Civil Minutes – General                          Page **1** of **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-00204-MEMF-DFM                              Date: April 23, 2026

Title    _Alan Michael Sosa Alarcon v. Mark Bowen et al_

The OSC was fully briefed by April 13, 2026. *See* Pet. Brief; Resp. Brief. The parties stipulated to an extended briefing schedule, and in so doing, agreed that the TRO would stay in place (without converting to a preliminary injunction) through this Court's decision on the preliminary injunction. *See* Dkt. No. 39. In that stipulation, the parties confirmed that Petitioner had been released from detention in April 1, 2026, and that Respondents were in compliance with the TRO. *Id.*


**Applicable Law**

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 (9th Cir. 2001). Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20. This Court cannot grant the preliminary injunction "unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).


**Discussion**

Respondents' sole argument as to why a preliminary injunction should not issue turns on their contention that this case is moot. *See generally* Resp. Brief. Respondents reason that, because the TRO ordered Petitioner released, this Court can offer no further relief in this matter, so this Court can no longer hear a request for a preliminary injunction—or any other habeas relief.

This Court addresses the question of mootness before turning to its application of the *Winter* factors. For the reasons below, it concludes that this case is not moot, and finding no reason to apply the *Winter* factors as it did at the TRO stage, a preliminary injunction is warranted.

*This Case Is Not Moot.*

A case becomes moot—and therefore no longer a 'case' or 'controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-00204-MEMF-DFM                              Date: April 23, 2026

Title    *Alan Michael Sosa Alarcon v. Mark Bowen et al*

interest in the outcome. *Rosebrock v. Mathis*, 745 F.3d 963, 971 (9th Cir. 2014) (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013)). "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 120 S. Ct. 693, 700 (2000). "Thus, the standard for determining whether a case has been mooted by the defendant's voluntary conduct is stringent: A case might become moot if subsequent events make it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (citing *United States v. Concentrated Phosphate Export Assn.*, 393 U.S. 199, 203 (1968)). This requires the "defendant [to] demonstrate that 'there is no reasonable expectation that the wrong will be repeated." *United States v. W. T. Grant Co.*, 73 S. Ct. 894, 897 (1953). This is a heavy burden. *Id.*

The Ninth Circuit has found mootness in the context of a habeas petition where, based on the Government's sworn assurances, the Court was "satisfied that the alleged wrong w[ould] not recur." *Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991). Similarly, the Supreme Court has rejected the idea that the temporary relief ordered by this Court would moot a habeas petition. In *Nielsen v. Preap*, the certified class of petitioners in removal proceedings challenged their mandatory detention, but by the time of class certification, some of the named plaintiffs had obtained bond hearings pursuant to a preliminary injunction—the relief they presumably had been seeking. 586 U.S. 392, 403 (2019). This was insufficient to render their cases moot: "Unless that preliminary injunction was made permanent and was not disturbed on appeal, these individuals faced the threat of re-arrest and mandatory detention." *Id.*

This Court does not find that its granting of the TRO moots this case. Respondents reason that, as Petitioner has been released without redetention, there is no remaining effective relief that can be granted. Resp. Brief at 2. But the TRO, like the requested preliminary injunction, is inherently temporary; neither would outlive this case. *See Nielsen*, 586 U.S. at 403.

The only binding authorities that Respondents point to are *Munoz v. Rowland*, 104 F.3d 1096, 1097–98 (9th Cir. 1997); *Pinson v. Carvajal*, 69 F.4th 1059, 1077 (9th Cir. 2023)). *See* Resp. Brief at 1. Both are distinguishable.

In *Munoz*, an individual filed a habeas petition challenging "indefinite assignment to segregated housing." 104 F.3d at 1097-98. The individual had entered the prison system and because he was suspected of gang involvement, the individual was kept in confinement and identified as an associate of a prison gang. *Id.* After the district court denied the individual's habeas petition, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00204-MEMF-DFM                                    Date: April 23, 2026

Title    *Alan Michael Sosa Alarcon v. Mark Bowen et al*

individual filed an appeal. *Id.* Because the individual was subsequently released on parole, the Ninth Circuit dismissed the appeal for mootness. *Id.* The individual claimed that the appeal was not moot because, if he re-entered the prison system, he would be subject to assignment to segregated housing given his designated gang affiliation. *Id.* The Ninth Circuit rejected that argument, explaining that assignment of inmates are purely "administrative" actions and "have little in common with [] disciplinary action." *Id.* The Court also noted that the harm that harm would recur was tenuous and indirect, and as such, it concluded that the record did not substantiate a finding of "collateral consequence for mootness purposes." *Id.*

Unlike Munoz, Petitioner is not challenging an administrative decision or classification. He is challenging his detention without due process protections. *See generally* Dkt. No. 1; *see also* TRO at 8–9. Just as in *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002), this record raises concerns about the potential for Respondents to resume Petitioner's detention under circumstances this Court has found are likely to be unlawful. Unlike in *Riley*, where the record provided "inadequate development and support of this issue," this record is clear. *Id.* Respondents have not disavowed their practices, have not adjusted their policies, and have not assured Petitioner that he is not subject to redetention. *See* Pet. Brief; *see also Carafas v. LaVallee*, 391 U.S. 234, 238 (1968) (holding that the fact that a petitioner is not in physical custody does not preclude the petitioner from being entitled to having a habeas petition considered on its merits). Respondents' conduct stands in stark contrast to *Picrin-Peron v. Rison*, 930 F.2d 777, 776 (9th Cir. 1991), where the government stated *under oath* that the petitioner would be paroled for another year and the Ninth Circuit was—on the basis of that declaration— satisfied that the alleged wrong of indefinite detention would not recur. Respondents have made no such assurances here. *Id.* ("Based on that declaration, we are satisfied that the alleged wrong will not recur.").

In *Pinson*, the petitioner challenged the legality of the sentence and the conditions of his confinement. 69 F.4th at 1065-67. The Ninth Circuit held that the petitioner "has failed to allege facts to support his legal contention that his detention was unlawful because no set of conditions exist that would cure the constitutional violations." *Id.* at 1075. Here, however, Petitioner's challenge relates to the substantial and ongoing risk of redetention he faces. Again, because Respondents have offered no reason to think that their enforcement conduct has changed, this case is distinguishable. In other words, Petitioner, unlike the petitioner in *Pinson*, has sufficiently supported his contention that his detention was unlawful, and he has enumerated the set of conditions that would cure the constitutional violation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    5:26-cv-00204-MEMF-DFM                                    Date: April 23, 2026

Title    *Alan Michael Sosa Alarcon v. Mark Bowen et al*

Numerous district courts have come to the same conclusion. For example, the district court's decision in *Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030589 (C.D. Cal. Sep. 26, 2025), is illustrative. There, the respondents similarly argued that the Court's granting of a TRO mooted the habeas case. As that Court concluded:

> This argument strains credulity. Were this so, no court would issue a preliminary injunction following the grant of a TRO ordering a habeas petitioner's release, which is plainly not the case. Given the TRO's expiration on September 26, 2025, the necessity of further injunctive relief maintaining the status quo during the pendency of litigation means the claim is necessarily *not* moot.

*Id.* at *3 n.5 (citations omitted). There are several other decisions in the same vein. *See, e.g.*, *Ortiz Martinez v. Wamsley*, No. 2:25-cv-01822, 2025 WL 2899116, at *3 (W.D. Wash. Oct. 10, 2025); *Cruz v. Lyons*, No. 5:25-CV-02879, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); *Carlos v. Noem*, No. 2:25-CV-01900, 2025 WL 2998184, at *4 (D. Nev. Oct. 24, 2025); *Marin v. Noem*, No. 2:25-CV-09343, 2025 WL 3152261, at *2 (C.D. Cal. Oct. 21, 2025).

Respondents' citations to purportedly contrary case law is inapposite. Response at 2-3.

In *Hezardastan v. Noem*, No. 5:25-cv-03424-AB-DTB, Dkt. No. 13, at *1 (C.D. Cal. Jan. 6, 2026), the case was dismissed as moot pursuant to a *stipulation* by the parties, with no other reasons given.

In *Woldegabriel v. Noem*, No. 5:25-03369-ODW-PVC, Dkt. No. 11, at *2 (C.D. Cal. Dec. 29, 2025), the court explicitly stated that it took "no immediate position on whether . . . Petitioner's habeas petition is rendered moot because Petitioner has been released." *Id.* at *2.

In *Hashemi v. Noem*, No. 2:25-cv-10335-HDV-SP, Dkt. No. 19 at *8-*12 (C.D. Cal. Jan. 7, 2026), respondents expressly confirmed they would not redetain the petitioner without compliance with his constitutional due process rights and compliance with INA regulations. No such assurances have been made here.

In *Trujillo v. Janecka*, No. 5:25-cv-03002-FMO-SSC, Dkt. No. 17, at *1–2 (C.D. Cal. Jan. 12, 2026), the court found petitioner's habeas petition moot because the threat of redetention was "speculative and hypothetical." *Id.* at *1–2. This is distinguishable. As this Court has already explained, Petitioner has sufficiently alleged that his threat of future harm is imminent, not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   5:26-cv-00204-MEMF-DFM                          Date: April 23, 2026

Title   *Alan Michael Sosa Alarcon v. Mark Bowen et al*

remote. This is confirmed by Respondents' failure to demonstrate a policy change or give assurances that Petitioner will not be redetained absent due process.

In *Petrosyan v. Bondi*, No. 5:25-cv-03240-CV-AS (C.D. Cal. Dec. 31, 2025), the court declined to issue a preliminary injunction because the petitioner could not show a likelihood of harm. Dkt. No. 11 at *4. In fact, the court found that petitioner's release did *not* moot the habeas petition. *Id.*

And, in *Hoang v. Santa Cruz*, No. 5:25-cv-02766-JGB-DSR (C.D. Cal. Jan. 7, 2026), the court found petitioner's habeas petition moot but did not provide the basis for its decision. *See* Dkt. No. 14 at *1. Taken together, the Court finds that Respondents' cited authorities are unavailing.

Accordingly, Petitioner has shown the potential for redetention is great: Respondents have given no assurances that he will be redetained, no evidence that he will be removed in the reasonably foreseeable future, and no reason to think that they will voluntarily cease restraining Petitioner's liberty. Given the stringent standard for mootness, voluntary cessation has not been met, and the Court can provide further effective relief through a preliminary injunction. *Heckler*, 464 U.S. at 70-71; *Geophysical Corp. of Alaska*, 732 F.2d at 698.

Finding that this case is not moot makes sense for another reason: It is consistent with the nature of the findings the Court made when issuing the TRO. In issuing the TRO, the Court found only that Petitioner had a *likelihood* of success on the merits. *See* TRO at 7–9. Respondents' proposed reasoning obviates the distinction between preliminary relief and final judgment, and it conflates the standards governing both. Put another way, to treat the TRO as mooting the case would also imply the Court's preliminary findings substitute for disposition on the merits.

For these reasons, this case is not moot.

*The* Winter *Factors Support Issuance of a Preliminary Injunction*

At issue next is whether, given that this case is not moot, a preliminary injunction should issue.

The analysis that courts must perform for temporary restraining orders and preliminary injunctions is "substantially identical." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 (9th Cir. 2001). Rule 65 sets forth the procedure for issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(b). "A preliminary injunction is an extraordinary remedy never

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    5:26-cv-00204-MEMF-DFM                                          Date: April 23, 2026

Title    *Alan Michael Sosa Alarcon v. Mark Bowen et al*

awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To qualify for injunctive relief, Plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood that he will suffer irreparable harm without an injunction; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20.

This Court's analysis of the *Winter* framework, however, remains applicable. Respondents have cited no facts or law to suggest that this Court, applying the same test, should reach a different result. To that end, this Court's discussion in granting the TRO remains undisturbed, and Respondents have forfeited arguments to the contrary for purposes of the preliminary injunction.

To that end, the Court finds that the Respondents concede that the *Winter* factors are met, and accordingly, that a preliminary injunction shall issue for the reasons explained in the TRO. Petitioner has shown a high likelihood of success on the merits, that he risks irreparable injury absent preliminary relief, and that the equities and public interest weigh in his favor. In sum, the *Winter* factors support the issuance of a preliminary injunction, so this Court grants Petitioner's request.

**Conclusion**

For the reasons stated above, the Application is GRANTED, and this Court hereby issues a preliminary injunction. For the duration of this action:

1. Respondents are ORDERED that they may not redetain Petitioner without timely granting him notice and an opportunity to be heard on his redetention;
2. Respondents shall not impose any release restrictions on Petitioner, such as electronic monitoring, unless deemed necessary at a future pre-deprivation bond hearing;[1]

---

[1] Restraints not shared by members of the public render an individual in custody within the meaning of 28 U.S.C. § 2241. *See Hensley v. Municipal Court, San Jose Milpitas Judicial Dist.*, 411 U.S. 345, 351 (1973) (holding that a person is in custody if the person "is subject to restraints 'not shared by the public generally'" and the person's "freedom of movement rests in the hands of state judicial officers"); *Jones v. Cunningham*, 371 U.S. 236, 238-39 (1963) ("[The] chief use of habeas corpus has been to seek the release of persons held in actual, physical custody in prison or jail. Yet English courts have long recognized the writ as a proper remedy even though the restraint is something less than close physical confinement . . . . "). As such, prospective release restrictions, such as electronic monitoring, constitute liberty constraints that do not afford Petitioner complete relief.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   5:26-cv-00204-MEMF-DFM                                    Date: April 23, 2026

Title   *Alan Michael Sosa Alarcon v. Mark Bowen et al*

3. Respondents are ORDERED not to remove Petitioner from the country, nor take him from the Central District of California, until the resolution of this case; and
4. The parties are directed to follow the orders of the Magistrate Judge with respect to further proceedings.

IT IS SO ORDERED.

                                                                                              :
                                                            **Initials of Preparer**        DBE

---

Given that the parties' papers were not specific as to this issue, the Court will allow the parties to meet and confer and file a joint status report within five (5) days if either wishes to be heard with respect to electronic monitoring.